IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                          CR. No. 18-108 JCH

**OBED CARRASCO OROS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Obed Carrasco Oros's pro se *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (ECF No. 65). He seeks a reduction of his sentence based on Amendment 821 (Part A), which altered the "status" points provision for being under a criminal justice sentence at the time of the offense. (*See id.* at 2.) After reviewing the motion, the Federal Public Defender declined to file a motion on Defendant's behalf. (*See* Notice, ECF No. 70.) On February 20, 2025, the United States filed its response arguing that, although Mr. Carrasco-Oros is eligible for the "status point" amendment, his sentence should not be reduced because the status point amendment does not have the effect of lowering his applicable guideline range. (Gov.'s Resp. 1, ECF No. 69.) Defendant did not file a reply. For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

Defendant pled guilty pursuant to a Rule 11(c)(1)(C) Plea Agreement to possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and to reentry of a removed alien in violation

of 8 U.S.C. § 1326(a) and (b). (Plea Agreement 2, ECF No. 50.) Under the Plea Agreement, the parties agreed to a specific sentence of 120 months imprisonment. (*Id.* at 7.)

According to the United States Probation Office's Presentence Report ("PSR"), the adjusted offense level for the possession count was 46 and was 16 for the reentry charge, resulting in a combined adjusted offense level of 46. (PSR 12-13, ECF No. 52.) After accounting for acceptance-of-responsibility offense level reductions, Defendant's total offense level was 43. (*Id.* at 13-14.) Defendant had a criminal history score of three, but the PSR recommended adding two points to his criminal history score, because he committed the offense while under a criminal justice sentence, resulting in a total criminal history score of five and a criminal history category of III. (*Id.* at 15) The minimum term of imprisonment for the possession charge was 10 years with a maximum term of life imprisonment, while the maximum term of imprisonment for the reentry charge was 20 years. (*Id.* at 20.) Accordingly, the PSR indicated that, based on a total offense level of 43 and a criminal history category of III, the guideline imprisonment range was life. (*Id.*) The Court sentenced Mr. Carrasco-Oros to 120 months imprisonment. (Judgment 3, ECF No. 62.)

## **APPLICABLE LAW**

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As relevant here, a court may modify a sentence when expressly permitted by statute. *Mannie*, 971 F.3d at 1148. Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C.

§ 3582(c)(2)). Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07.

The Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d) (pre-amendment). In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* USSG § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. For a defendant with six or fewer criminal history points, the Court may reduce the status points to zero. *United States v. Ortiz*, No. CR 14-1967 RB, 2024 WL 4119500, at *2 (D.N.M. Sept. 9, 2024) (citing § 4A1.1(e)). The Commission determined that the above changes may apply retroactively. 88 Fed. Reg. 28254-01 at 28254.

## **ANALYSIS**

After reviewing the motion, the response, and the record, the Court concludes that Defendant's sentence should not be reduced under 18 U.S.C. § 3582(c)(2), because Defendant already received a sentence that is below the amended guideline range. Pursuant to Part A of Amendment 821, Defendant no longer meets the criteria for the additional "status points" that he

originally received, which had the effect of increasing his criminal history category from II to III. His total offense level, however, was 43, which results in a recommended life sentence under any criminal history category. The Court, however, accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced Defendant to 120 months, far below the amended range of life imprisonment. No further relief is permissible, as courts "generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Dillon*, 560 U.S. at 827 (quoting U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A)). Accordingly, Defendant's motion is without merit and will be denied.

**IT IS THEREFORE ORDERED** that Defendant Obed Carrasco Oros's pro se *Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2)* (**ECF No. 65**) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**